IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY M. SANCHEZ                                                                    PLAINTIFF

vs.                             Civil No. 4:07-cv-04092

MICHAEL J. ASTRUE                                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Anthony M. Sanchez ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his applications for DIB and SSI on September 23, 2005.  (Tr. 46-48, 103-105).  Plaintiff alleged he was disabled due to back pain and headaches.  (Tr. 22, Finding 3).  Plaintiff alleged an onset date of January 1, 2005.  (Tr. 46, 103).  These applications were

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

initially denied on January 25, 2006 and were denied again on reconsideration on April 14, 2006. (Tr. 35A-35B, 101-102).

On April 23, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 35) This hearing were held on April 12, 2007 in Little Rock, Arkansas. (Tr. 109-123). Plaintiff was present but was not represented by counsel at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained his high school diploma. (Tr. 112-113).

On June 14, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI and DIB. (Tr. 20-25). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2008. (Tr. 22, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2005, his alleged onset date. (Tr. 22, Finding 2). The ALJ determined Plaintiff had the following severe impairments: back pain and headaches. (Tr. 22, Finding 3). The ALJ also found, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22-23, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 23-24, Finding 5). At the administrative hearing, Plaintiff claimed he was disabled due to his back pain and headaches (Tr. 115). he claimed he would break out into a cold sweat when he exerted himself (Tr. 117), and he claimed he was unable to stand unassisted for any extended period of time (Tr. 118). The ALJ reviewed these subjective complaints

2

and allegedly disabling symptoms. (Tr. 23-24). As a part of this review, he stated the factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and then discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon the following two findings: (1) some of Plaintiff's medical records were inconsistent with his subjective complaints of disabling pain and other limitations; and (2) Plaintiff was able to afford tobacco to roll his own cigarettes, despite the fact that he claimed he was unable to afford medical treatment. *See id.*

After discounting his subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony in the record in order to determine Plaintiff's RFC. (Tr. 23-24, Finding 5). The ALJ based his determination entirely upon the findings of Dr. Roshan Sharma, M.D. (Tr. 24). The ALJ determined Plaintiff retained the RFC for the full range light work. (Tr. 23, Finding). The full range of light work includes the following:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

The ALJ then determined that claimant could not perform his Past Relevant Work ("PRW") but could perform other work existing in significant numbers in the national economy. (Tr. 24-25, Findings 6, 9). First, the ALJ determined Plaintiff's PRW included work as a cook and as an "odd job worker." *See id.* The ALJ determined that this work required "medium exertional lifting and carrying" and that Plaintiff would be unable to perform this work. *See id.* Second, the ALJ

3

evaluated Plaintiff's age, education, RFC, and work experience and applied the Medical-Vocational Guidelines ("Grids") to determine whether Plaintiff was disabled. (Tr. 24-25, Findings 7-10). The ALJ determined, according to these factors, that Rule 202.20 of the Grids dictated a finding of "Not Disabled." (Tr. 25, Finding 10). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2005 through the date of his decision or through June 14, 2007. (Tr. 25, Finding 11).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 10-15). On July 27, 2007, the Appeals Council declined to review this determination. (Tr. 7-9). *See* 20 C.F.R. § 404.984(b)(2). On October 11, 2007, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 18, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

4

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by failing to comply with the requirements of SSR 96-8p regarding medical source statements and (B) the ALJ erred by finding Plaintiff could perform the full range of light work.  (Doc. No. 7, Pages 6-9).  In response, Defendant claims the ALJ properly considered, and gave appropriate weight to, the findings of the consultative physicians.  (Doc. No. 8, Pages 4-11).  Defendant also claims the ALJ properly determined Plaintiff did not have any nonexertional limitations, such as problems with his balance, which would preclude the performance of the full range of light work.  *See id.*  Because the Court finds the ALJ erred in his credibility determination, this Court will only address that issue.[2]

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ

---

[2] Plaintiff did not raise the issue of whether the ALJ erred in his credibility determination.  (Doc. No. 7). However, this Court is permitted to raise such issues *sua sponte* and does so in this case.  *See Battles v. Shalala,* 36 F.3d 43, 45 n.2 (1994).

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find the Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain the Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ properly enumerated the factors contained in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 but then noted only a few inconsistencies between the record and Plaintiff's subjective complaints. (Tr. 20-25). Specifically, the ALJ discounted Plaintiff's subjective complaints based upon the following two findings: (1) some of Plaintiff's medical records were inconsistent with his subjective complaints of disabling pain and other limitations; and (2) Plaintiff was able to afford tobacco to roll his own cigarettes, despite the fact that he claimed he was unable to afford medical treatment. *See id.* The ALJ provided essentially no analysis of the factors from

20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and noted no other inconsistencies in the record. *See id.* Instead, the ALJ merely stated the following:

> In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

(Tr. 23). This analysis is insufficient under *Polaski,* and this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints.

On remand, the ALJ should also fully consider the opinion of Dr. Brian Thomas, M.D. pursuant to the requirements of SSR 96-8p. The ALJ should also resolve inconsistencies, if any, between the findings of Dr. Thomas and Dr. Roshan Sharma, M.D. (Tr. 80-89). Specifically, in his appeal brief, Plaintiff claims the ALJ erred by failing to consider Dr. Thomas's and Dr. Sharma's findings regarding Plaintiff's restrictions with his balance. (Doc. No. 7, Pages 7-8). The ALJ should evaluate the findings from both of these doctors and determine whether Plaintiff is able to walk unassisted or whether his lack of balance precludes him from walking unassisted.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of September, 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE